THE ATTORNEY GENERAL.
OF TEXAS



Grover Sellers
~~JOHN BEN SHEPPERD~~ XX
ATTORNEY GENERAL

Honorable Claude Isbell
Secretary of State
Austin, Texas

Attention: Mr. J. L. McGarity

Dear Sir:                                    Opinion No. 0-6426

Re: Authority of Secretary of State
with reference to approving and
filing of an amendment to a char-
ter of a corporation proposing to
increase its capital stock.

     We are in receipt of your communication of recent date re-
questing the opinion of this department on the above stated matter. We
quote from your letter as follows:

     "On the 28th day of July, 1939, the charter of the
above mentioned was approved and filed in this office. At
this time the corporation had an authorized capital stock
of $1,000.00, represented by 10 shares of a par value of
$100.00 each, all of which said stock was subscribed and
paid for in cash.

     "On the 18th day of September, 1940, the corpora-
tion filed an amendment to its charter which among other
things increased its capital stock, for that as above stated,
to 35,000 shares of stock without nominal or par value to
be issued to the stockholders at that time and that the con-
sideration which the corporation was to receive for its no
par value stock was $35,000.00, $34,000.00 of which was
transferred from surplus to capital.

     "On the 18th of January, 1944, the corporation of-
fered to file the proposed amendment, a photostatic copy
of which is hereto attached. This amendment proposed to
increase the capital stock of the corporation from 35,000
shares of stock without nominal or par value to 35,000
shares of stock without nominal or par value and 3500
shares of stock with a par value of ten dollars ($10.00)
each.

     "The affidavit which was filed with the proposed
amendment, a photostatic copy of which is hereto attached,
reflects that all of the proposed increase in capital stock
with a par value has been subscribed to and that one half
of said increase has been paid for by the exchange of out-
standing bonds of the corporation in return for its capital

stock except Four Thousand Eight Hundred Forty dollars ($4,840.00) which represents a note of the corporation exchanged for its capital stock.

"The corporations balance sheet filed with the proposed amendment, a photostatic copy of which is hereto attached, showing the financial condition of the company prior to and after the filing of the proposed amendment shows a surplus of Nineteen Thousand Two Hundred Twenty Seven dollars Eighteen cents ($19,227.18) but does not show the capital stock issued and outstanding without nominal or par value for which the corporation received Thirty Five Thousand dollars ($35,000.00) as a liability. If this said capital stock had been considered as a liability the liabilities of the corporation would have been Fifteen Thousand Seven Hundred Seventy Two dollars Eighty Two cents ($15,772.82) more than its assets in the sum of Fifty Four Thousand Six Hundred Forty Five dollars Eighty Eight cents ($54,645.88).

"QUESTIONS:

"1. Can this office consider the solvency of a corporation in its determinating whether or not to approve and file and amendment to a charter of a corporation increasing its capital stock?

"2. Should this amendment be approved and filed by this office?

"3. Would your answer to question 2 be different if the amounts paid in to the corporation had been paid in cash rather than by the cancellation of indebtedness?

"4. If your answer to the two questions next above is "NO", should the proposed amendment be approved and filed if all of the proposed increase in capital stock were to be paid in to the corporation in cash?"

Article 1314, Vernon's Annotated Civil Statutes, in part, provides:

"Any private corporation organized or incorporated for any purpose mentioned in this title, may amend or change its charter or act of incorporation by filing, authenticated in the same manner as the original charter, such amendments or changes with the Secretary of State. . . . . Such amendments or changes shall take effect and be in force from the date of the filing thereof. The certificate of the Secretary of State shall be evidence of such filing. No amendment or change

violative of the Constitution or laws of this State or any pro-
vision of this title or which so changes the original purpose
of such corporation as to prevent the execution thereof, shall
be of any force or effect."

Article 1330, V. A. C. S., provides:

"The Board of Directors or other managing officers
of a corporation may increase its authorized capital stock,
including the issuance of preferred stock, which stock shall
have such rights, powers, privileges and preferences as are
now authorized by law, when empowered to do so by a two-
thirds vote of all of its outstanding stock with voting privi-
leges, at a special or regular meeting called for that purpose
by complying with the provisions of Article 1308 and/or Ar-
ticle 1538-D, as the case may be. Par value stock, issued
or unissued, may be converted into preferred stock in the
same manner and subject to the same limitations as no par
stock may be so converted under Article 1538-H, Revised
Civil Statutes of 1925.

"Upon such increase or conversion of stock being
made in accordance with such provisions and certified to
the Secretary of State by the Directors, and, if the increase
has been made in accordance with law, he shall file such
certificate; and thereupon, the same shall become a part of
the capital stock of such corporation. Such certificate shall
be filed and recorded in the same manner as the charter.
All preferred stock heretofore authorized to be issued, or
issued, or stock converted into preferred shares, by vote
or two-thirds of the outstanding stockholders, is hereby rat-
ified, legalized and validated. (As amended Acts 1931, 42nd
Leg., p. 78, ch. 51, § 1.)"

Article 1538j, V. A. C. S., provides:

"Corporations authorizing the issuance of shares of
its (their) stock without nominal or par value are exempt
from the provisions of Articles 1308 to 1311, inclusive, and
Article 1338 of the Revised Civil Statutes, provided that no
original charter nor any amendment to a charter which pro-
vides for stock having a nominal or par value shall be filed
or recorded by the Secretary of State until the full amount of
all such authorized capital stock having a par value shall have
been subscribed, and fifty per cent thereof paid, and proof
thereof made in the manner provided in said Articles 1308 to
1311, inclusive; and provided further, that the provisions of
said Article 1338 as to the payment of the unpaid portion of

capital stock shall apply to the payment of the unpaid portion of any stock which has a nominal or par value."

Article 1308, V. A. C. S., provides:

"Before the charter of a private corporation created for profit can be filed by the Secretary of State, the full amount of its authorized capital stock must be in good faith subscribed by its stockholders and fifty per cent thereof paid in cash, or its equivalent in other property or labor done, the product of which shall be worth to the company the actual value at which it was taken or at which the property was received. The affidavit of those who executed the charter shall be furnished to the Secretary of State, showing:

"1. The name, residence and postoffice address of each subscriber to the capital stock of such company;

"2. The amount subscribed by each, and the amount paid by each;

"3. The cash value of any property received, giving its description, location and from whom and the price at which it was received;

"4. The amount, character and value of labor done, from whom, and price at which it was received. (Acts 1901, p. 18; Acts 1897, p. 192; Acts 1907, p. 309; G. L. vol. 10, p. 246.)"

Article 1309, V. A. C. S., provides:

"If the Secretary of State is not satisfied, he may, at the expense of the incorporators, require other satisfactory evidence before he shall be required to receive, file and record such charter. (Id.)"

Article 1338, V. A. C. S., provides:

"The stockholders of all corporations chartered under the provisions of the preceding chapter shall, within two years from the date of the filing of such charter, pay in the unpaid portion of the capital stock of such company; proof of which shall, within said time, be made to the Secretary of State, in the manner provided in said articles, for the filing of charters. (Acts 1907, p. 309.)"

Under the provisions of Articles 1308 and 1330, supra, if the board of directors of a corporation is authorized by a two thirds vote of

all its outstanding stock with voting privileges, said board of directors of the corporation may increase its authorized capital stock by filing with the Secretary of State an affidavit stating the names of the subscribers, and the consideration for and the classes of the additional stock to be issued. (See Hildebrand, Texas Corporations, Vol. 1, Sec. 262, p. 563-564). In Texas Jurisprudence, Vol. 10, Sec. 67, at page 677, we find the following language:

"The amendment must be executed, it seems by at least a majority of the board of directors and acknowledged by each of them before an officer duly authorized to take acknowledgements of written instruments. The amendment should be accompanied by a copy of the resolution adopted by the stockholders authorizing the increase and by a copy of the resolution of the board of directors authorizing the increase. Furthermore, the president and the secretary should certify under the corporate seal: first, that the resolutions are true and correct copies of the originals; and, second, that the persons signing the amendment are directors, and are, at least, a majority of the board of directors." (Opinions of Attorney-General, Biennial Report, 1906-1908, p. 670).

It is provided in Article 1538j that no charter or an amendment to a charter providing for "stock having a nominal or par value shall be filed or recorded by the Secretary of State until the full amount of all such authorized capital stock having a par value shall have been subscribed, and fifty per cent thereof paid, and proof thereof made in the manner provided in - - Articles 1308 to 1311, inclusive"; and that Article 1338 would be applicable with reference to the payment of the unpaid portion of any stock which has a nominal or par value. Thus, it is apparent that the requirements, under the foregoing provisions, with reference to amending a charter authorizing additional capital stock with nominal or par value are the same as those with reference to the original charter of a corporation issuing stock with par or nominal value. With reference to the function of the Secretary of State, under the provisions of Article 1309, we quote from Hildebrand, Texas Corporations, Vol. 1, Sec. 25, pp. 64-65, as follows:

" . . . . The Secretary of State may require additional information or evidence as the fulfilment of the statutory provisions as to subscription and payment of capital stock, other than the affidavits of those executing the charter, if he deems such action necessary. . . . "

However, we note that when a corporation proposes to decrease its capital stock, the Secretary of State is authorized to require proof as to the solvency of the corporation proposing to decrease its capital stock, for the purpose of protecting the creditors, while in the case of a proposed increase in the capital stock, the Secretary of State is to satisfy himself

that the proposed increase in capital stock is actually paid in as required by law. Under the provisions of Article 1332, before there can be a reduction of the capital stock, proof must be made to the Secretary of State of the financial condition of the corporation, and if all of the debts are not paid, or at least reduced prior to the filing of the certificate of decrease, to such an extent that the rights of creditors will not be jeopardized. (See Hildebrand, Tex. Corp., Vol. 1, Sec. 264, p. 576). The capital stock of a corporation is a fund set apart for the payment of debts of the corporation, and our statutes have provided for special scrutiny of this fund (capital stock) for the benefit of creditors, when it is proposed that said capital stock is to be reduced. With reference to the nature and purpose of the capital stock of a corporation, the following cogent language is quoted in 10 Texas Jurisprudence, Sec. 70, pp. 680-681:

> "The capital stock of an incorporated company is a fund set apart for the payment of debts. It is a substitute for the personal liability which exists in private copartnerships. When debts are incurred a contract arises with the creditors that it shall not be withdrawn or applied otherwise than upon their demands until such demands are satisfied. . . . . It is publicly pledged to those who deal with the corporation for their security. . . . . " (National Bank of Jefferson v. Texas Investment Co., 74 Tex. 421, 437, 12 S.W. 101, quoting from Sanger v. Upton, 91 U.S. 56, 60, 23 L. Ed. 220)

Generally, when capital stock in increased rather than decreased, and the cash or the equivalent of cash is actually paid in, such increase in said capital should not jeopardize the rights of the creditors of said corporation, and we find no authority for the Secretary of State to refuse to approve and file an amendment to a corporation's charter, when the required affidavits, information and data have been furnished, and when the Secretary of State finds that the cash or its equivalent has been actually paid in or received in the manner required by law.

In view of the foregoing, and under the facts submitted, we answer your questions as follows:

1. With reference to an amendment to the charter proposing to increase the capital of the corporation, it is our opinion that the function of the Secretary of State is to ascertain that the required affidavits, information and data have been submitted, and to satisfy himself that the statutory provisions as to subscription and payment of capital stock are fulfilled. He may require additional information or evidence as to the fulfillment of the statutory provisions as to subscription and payment of capital stock, other than the affidavits of those executing the charter, if he deems such action necessary. To the extent that it is necessary in his determination of the actual cash value of the property (bonds) received in exchange for the new shares of stock, the Secretary of State may consider

the solvency of the corporation.

2. As to whether the proposed amendment should be approved and filed by the Secretary of State, it is our opinion that such amendment should be approved and filed, provided that the required affidavits, data and information have been submitted by the corporation, and provided that the Secretary of State is satisfied that the total amount of the capital stock has been subscribed, and that fifty per cent of same is paid in cash, or its equivalent in other property. The actual cash value of the bonds to be exchanged for the proposed new shares of stock involves a fact determination. We are not herein determining any matters with reference to the actual cash value of said bonds.

3. and 4. As to whether said amendment should be approved if all of the proposed increase in the capital stock had been paid in cash, it is our opinion that said amendment should be approved and filed, provided that the required affidavits and other data and information have been furnished as provided by law.

Trusting that the foregoing satisfactorily answers your inquiries, we remain

APPROVED Mar. 21, 1945

/s/ Grover Sellers

Attorney General of Texas

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ J. A. Ellis
J. A. Ellis
Assistant

JAE:ddt/cm

APPROVED
Opinion
Committee

By/s/ BWB
Chairman